# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHERRI SHEER** : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | Docket No. 02-CV-02719 |
| : | |
| **APPLIED DIGITAL SOLUTIONS, INC.**, : | |
| f/k/a **APPLIED CELLULAR** : | |
| **TECHNOLOGY, INC**., **INTELLESALE**, : | |
| **INC**., f/k/a **UNIVERSAL COMMODITIES** : | |
| **CORPORATION**, *et al.* : | |
| : | |
| Defendants. : | |
| **APPLIED DIGITAL SOLUTIONS, INC.** : | |
| and **INTELLESALE, INC**. : | |
| : | |
| Third-Party Plaintiffs : | |
| v. : | |
| : | |
| **MARC SHERMAN**, : | |
| : | |
| Third-Party Defendant. : | |

**MEMORANDUM OF LAW OF THIRD-PARTY DEFENDANT MARC SHERMAN
IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT**

August 6, 2002

Paul R. Rosen, Esquire
David B. Picker, Esquire
**SPECTOR GADON & ROSEN, P.C.**
1635 Market Street - 7th Floor
Philadelphia, PA  19103
(215) 241-8888 / FAX:  (215) 241-8844
Attorneys for Third-Party Defendant

Marc Sherman

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   The Third-Party Complaint Must Be Dismissed Because It Is Not
        A Proper Third-Party Claim Under F.R.Civ.P. 14(a) . . . . . . . . . . . . . . . . . . . . . 5

    B.   The Third-Party Complaint Fails to State Any Cause of Action  . . . . . . . . . . . . 7
        1.   Count I Fails to State A Claim For Fraud . . . . . . . . . . . . . . . . . . . . . . . . 7
        2.   Count II Fails to State a Claim For Self-Dealing . . . . . . . . . . . . . . . . . . 10

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

*FEDERAL CASES*

Barab v. Menford, 98 F.R.D. 455 (E.D. Pa. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Campbell v. San Antonio, 43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808,
(3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4n.

Forum Insur. Co. v. Ranger Insur. Co., 711 F. Supp. 909 (N.D. Ill. 1989) . . . . . . . . . . . . . . . 6

Hankins v. City of Philadelphia, 189 F.3d 353 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 9,10

Hewlett-Packard Co. v. Arch Associates Corp., 908 F. Supp. 265 (E.D. Pa. 1998) . . . .   8, 9,10

Hurt v. Philadelphia Housing. Author., 806 F. Supp. 515 (E.D. Pa.1992) . . . . . . . . . . . . . . 8,9

In re Air Crash Disaster at Mannheim, 769 F.2d 115 (3d Cir. 1995),
   cert. denied, 474 U.S. 1082 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4n.

In re Westinghouse Secur. Litig., 832 F. Supp. 948 (W.D. Pa. 1993) . . . . . . . . . . . . . . . . . . . 8

Jeffery Y. v. St. Marys Area School Dist., 967 F. Supp. 852 (W.D. Pa. 1997) . . . . . . . . . . . . 7

Lippmann v. Hydro-Space Technology, Inc., 235 F. Supp. 860 (D. N.J. 1964) . . . . . . . . . 9, 10

Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997) . . . . . . . . . . . . . . . . 2n., 7, 9

National Union Fire Insur. Co. v. DeLoach, 708 F. Supp. 1371 (S.D.N.Y. 1989) . . . . . . . . . . 6

Patterson v. Reed, 2002 U.S. App. LEXIS 3075 (3d Cir. Feb. 27, 2002) . . . . . . . . . . . . . . . . 9

Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 69 F. Supp.2d 678
(M.D. Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Seville Industrial Machinery Corp. v. Southwest Machinery Corp., 742 F.2d 786
   (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shapiro v. UJB Fin. Corp., 964 F.2d 272 (3d Cir.), cert. denied, 506 U.S. 934 (1992) . . . . . . 8

*STATE CASES*

Faces, Inc. v. Kennedy, 185 N.J. Super. 113, 447 A.2d 592 (Law Div. 1982), aff'd,
    185 N.J.Super. 77, 447 A.2d 572 (App. Div. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*STATUTES and RULES*

F.R.Civ. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8

F.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

F.R.Civ.P. 14(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHERRI SHEER** : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | Docket No. 02-CV-02719 |
| : | |
| **APPLIED DIGITAL SOLUTIONS, INC.**, : | |
| f/k/a **APPLIED CELLULAR** : | |
| **TECHNOLOGY, INC**., **INTELLESALE**, : | |
| **INC**., f/k/a **UNIVERSAL COMMODITIES** : | |
| **CORPORATION**, *et al.* : | |
| : | |
| Defendants. : | |
| **APPLIED DIGITAL SOLUTIONS, INC.** : | |
| and **INTELLESALE, INC**. : | |
| : | |
| Third-Party Plaintiffs : | |
| v. : | |
| : | |
| **MARC SHERMAN**, : | |
| : | |
| Third-Party Defendant. : | |

**MEMORANDUM OF LAW OF THIRD-PARTY DEFENDANT MARC SHERMAN**
**IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Third-Party Defendant Marc Sherman ("Sherman") respectfully submits this Memorandum of Law in Support of his Motion, pursuant to F.R.Civ.P. 12(b)(6), 14(a), and 9(b), dismissing the Third-Party Complaint filed against him by Defendants-Third-Party Plaintiffs Applied Digital Solutions, Inc. ("ADS") and Intellesale, Inc. ("Intellesale") for improper pleading and failure to state a claim.

**I.      INTRODUCTION**

The Third-Party Complaint served on Marc Sherman should be dismissed for two reasons: First, because it is not a proper third-Party impleader complaint; and Second, because it does not state a claim.

Plaintiff Sheerr's main complaint seeks to recover for breach of ADS's and Intellesale's written agreement to purchase the remaining 20% of Sheerr's shares of stock in a company which she owned. ADS and Intellesale, in turn, have served their purported Third-Party Summons and Complaint (Exhibit 1) upon Mr. Sherman. However, they do not seek indemnity from Mr. Sherman, nor any other claim contingent on or derivative of Ms. Sheerr's main claim, as is required for a proper third-party complaint under F.R.Civ.P. 14(a). Rather, they seek to impose *direct* liability upon Mr. Sherman by purporting to assert entirely independent claims. This is improper under Rule 14(a), and alone requires dismissal.

In addition and in any event, ADS's and Intellesale's claims of "fraud" and "corporate waste" are based on vague and wholly conclusory allegations that *unspecified* facts were either misrepresented or concealed. Moreover, they do not allege any facts to support even the existence of any actual injury, much less that such (non-alleged) injury was proximately caused by anything Mr. Sherman ever did. Thus, ADS and Intellesale fail to allege the essential elements of any tort claim: they fail to identify any particular misrepresentations, and fail to identify any actual injury, much less proximate cause. The Third-Party Complaint should accordingly be dismissed with prejudice.

**II.   FACTS**[1]

The basis of the underlying lawsuit into which ADS and Intellesale have attempted to implead Mr. Sherman is a simple breach of contract.  ADS and Intellesale previously purchased 80% of plaintiff Sherri Sheerr's interest in her company, Cybertech, pursuant to a written purchase agreement date October 8, 1997 (the "Agreement").[2]  Sheerr alleges that Defendants have now breached their remaining obligation under ¶2(a) of that written Agreement to purchase her remaining shares in that company. (Sheerr Cplt. ¶¶ 7-19)[3]

ADS and Intellesale have now purported to bring a third-party complaint against Mr. Sherman, who was the president of Intellesale (itself 80% owned and controlled by ADS) at the time of the contract, but was not a party to the contract and is no longer employed by Intellesale.  Contrary to the requirements of Rule 14(a) for third-party pleading, ADS and Intellesale do not seek to impose liability on Mr. Sherman derivatively and in the event they

---

[1] The facts are as stated in the attached Third-Party Complaint of Applied Digital Solutions, Inc. and Intellesale, Inc. ("3d Party Cplt."), and the main Complaint of Sherri Sheerr ("Sheerr Cplt.") and the written agreement attached as an exhibit thereto, which were attached and served with the Third-Party Complaint.  The well-pleaded factual allegations contained therein are accepted as true solely for purposes of this motion;  but the Court should not accept bald conclusory assertions, conclusions of law, or implausible inferences.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

[2] The Agreement is attached as an Exhibit to the main Complaint, which is in turn attached as an Exhibit to the Third-Party Complaint (Exhibit 1).

[3] Although the main Complaint also alleges claims for fraud and violation of RICO, the fact remains that these Counts are also premised on breach of the underlying written agreement, as evidenced by Sheerr's allegations, *inter alia*, that "Defendants misrepresented to Plaintiff that they would be bound by the terms and conditions of the Agreement and would comply with said terms, thereby inducing the Plaintiff into entering into the Agreement." (Sheerr Cplt. ¶22)

3

are found liable to Plaintiff Sheerr. Rather, they improperly seek to impose direct liability upon Mr. Sherman, based upon the following allegations:

    A.    That Mr. Sherman is the brother of Plaintiff Sheerr. (3d-Party Cplt. ¶15) It is important to note, however, that ADS and Intellesale knew this at the time, and there is no allegation that they did not know it.

    B.    That Sherman "knew" but "did not disclose the financial and operational condition of Cybertech." (3d-Party Cplt. ¶¶ 22-23) However, what Cybertech's actual "financial and operational condition" *was* is not specified nor otherwise alleged.

    C.    That Sherman did not disclose that Intellesale had previously sold unspecified goods to Cybertech (3d-Party Cplt. ¶16). However, there is no allegation of fact from which one could infer that this could be at all material.[4]

---

[4]    Although ADS and Intellesale allege that "In the Agreement, Sheerr represented that Cybertech had no prior agreements with [Intellesale]" (3d-party Cplt. ¶13), in fact the Agreement itself, which is attached to and therefore a part of the pleading, provides no such thing. To the contrary, ¶3.15 of the Agreement states:

> "Other Agreements. Acquiree is a party to no material agreement (written or verbal) *except* (a) as disclosed in this agreement, (2) *orders for merchandise in normal quantities for use in acquiree's business*, and (3) as set forth in the separate Disclosure Schedule." [Emphasis added]

Thus, the Agreement only deals with *current* and *material* agreements, not prior agreements, and also *specifically exempts the sale of goods*. Of course, construction of the written Agreement is a matter of law for the Court (In re Air Crash Disaster at Mannheim, 769 F.2d 115, 124 (3d Cir. 1985), cert. denied, 474 U.S. 1082 (1986)), and as between the written agreement itself and any contrary allegations of the Complaint, the written agreement controls. In re Air Crash, supra; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990) (affirming dismissal of complaint based on

(continued...)

    D.    That after execution of the purchase agreement, Sherman failed to disclose unspecified "inter-company charges" between Intellesale and Cybertech. (3d-Party Cplt. ¶22) And

    E.    That Intellesale provided goods to Cybertech "without asking Cybertech for payment or improperly delaying its request for payment." (3d-Party Cplt. ¶23) However, there is no allegation that *Sherman* had anything to do with this act allegedly undertaken by <u>Intellesale</u>, nor is there any allegation that he benefitted from it in any way.

There then follow wholly vague and conclusory allegations that ADS and Intellesale suffered some unspecified injury as a result of these acts. However, no facts are alleged from which even the existence, much less the nature, of such injury could be determined. In addition, no facts are alleged to support any inference that any injury was proximately caused by anything Mr. Sherman did.

Finally, wholly absent from the Third-Party Complaint is any factual allegation showing that Mr. Sherman personally benefitted in any way from the alleged transactions.

Based solely on these conclusory and ultimately meaningless allegations, ADS and Intellesale have asserted two Counts against Mr. Sherman, the first for fraud and the second for self-dealing and waste. For the reasons stated below, neither one states a valid claim.

### III.    <u>LEGAL ARGUMENT</u>

---

[4]    (...continued)
document annexed to complaint).

### A. The Third-Party Complaint Must Be Dismissed Because It Is Not A Proper Third-Party Claim Under F.R.Civ.P. 14(a)

Preliminarily, the Third-Party Complaint must be dismissed because it is not a proper third party pleading under Rule 14(a).[5] An essential requirement of a third-party claim is that the third-party defendant's liability to the defendant / third-party plaintiff must be for losses sustained by the defendant as a result of the main plaintiff's claim. That is, the third-party defendant's liability is conditioned on, and derivative of, the defendant's liability to the plaintiff. A third-party defendant's alleged *direct* liability to the defendant is not a basis for impleader. E.g., Barab v. Menford, 98 F.R.D. 455, 456 (E.D. Pa. 1983) ("under Rule 14(a), a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff"; denying unopposed motion for leave to file third-party complaint). Accord, Forum Insur. Co. v. Ranger Insur. Co., 711 F. Supp. 909, 915 (N.D. Ill. 1989) (dismissing third-party claim not derivative of and dependent upon defendant's liability to plaintiff); National Union Fire Insur. Co. v. DeLoach, 708 F. Supp. 1371, 1387 (S.D.N.Y. 1989).

In the case at Bar, the purported third-party claims for fraud and self-dealing are entirely independent of Ms. Sheerr's main claim against Defendants for breach of contract.

---

[5] Rule 14(a) states, in relevant part, that

> "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff *for all or part of the plaintiff's claim against the third-party plaintiff*." [Emphasis added]

ADS and Intellesale do not allege that Mr. Sherman would somehow be secondarily liable for any liability on their part for breaching the purchase agreement. To the contrary, it appears that the third-party claims against Mr. Sherman stand or fall on their own, regardless of the outcome of Plaintiff Sheerr's claims.

Accordingly, the Third-Party Complaint must be dismissed as improper under Rule 14(a). See Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 69 F. Supp.2d 678, 690 (M.D. Pa. 1999) (dismissing third-party claims for misrepresentation which were not dependent on outcome of main claim).

### B. The Third-Party Complaint Fails to State Any Cause of Action

#### 1. Count I Fails to State A Claim For Fraud

On this Motion to Dismiss, the Court must accept as true all of the factual allegations in the pleadings, but the Court should not consider legal conclusions, Jeffery Y. v. St. Marys Area School Dist., 967 F. Supp. 852, 854-55 (W.D. Pa. 1997), or naked generalizations, Campbell v. San Antonio, 43 F.3d 973, 975 (5th Cir. 1995), but should focus instead on the specific factual averments of the pleading. See also, Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's 'bold assertions' or 'legal conclusions' when deciding a motion to dismiss").

In addition, to plead a claim for fraud requires that the facts be pleaded with substantially greater particularity. F.R.Civ.P. 9(b) requires that: "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity."

7

Under Rule 9(b), a plaintiff alleging fraud must plead "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir.), cert. denied, 506 U.S. 934 (1992). "There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement *caused* a specific harm." Hurt v. Philadelphia Housing Author., 806 F. Supp. 515, 530$_{n.25}$ (E.D. Pa.1992) [emphasis in original]. Plaintiff may not simply point to a bad result and allege fraud. Rather, plaintiff must inject precision and some measure of substantiation into the allegations of fraud. "Who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements." In re Westinghouse Secur. Litig., 832 F. Supp. 948, 965 (W.D. Pa. 1993)[citations omitted].

The fraud claim here wholly fails to meet these requirements. No specific misrepresentation of fact is alleged. The "financial condition" of Cybertech which Mr. Sherman allegedly "knew but did not disclose" (3d Party Cplt ¶¶22-23) is not identified. The goods allegedly sold and intercompany charges allegedly not disclosed are also not identified. Yet ADS and particularly Intellesale (which ADS wholly controls) would surely know these facts if they actually existed. Such vague allegations do not satisfy Rule 9(b) and do not support a claim for fraud. E.g., Hewlett-Packard Co. v. Arch Associates Corp., 908 F. Supp. 265, 274 (E.D. Pa. 1995) (generalized allegations of misrepresentations dismissed as insufficient). Cf. Seville Industrial Machinery Corp. v. Southwest Machinery

Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985) (detailed list identifying "with great specificity" which pieces of machinery were involved in which fraudulent transaction, satisfied Rule 9(b)).

ADS and Intellesale have also failed to allege any injury. Their bald conclusory assertion that they "were damaged as a result of Sherman's actions", without alleging what the injury actually was, nor even the nature of the injury, and without alleging any facts from which it could be inferred that such (unalleged) injury was actually and proximately caused by Mr. Sherman's alleged actions, should not be credited by the Court. E.g., Morse v. Lower Merion, supra, 132 F.3d at 906. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Patterson v. Reed, 2002 U.S. App. LEXIS 3075 (3d Cir., Feb. 27, 2002 ), *citing* Morse, supra.

Injury is an essential element of a fraud claim. E.g., Hankins v. City of Philadelphia, 189 F.3d 353, 372 (3d Cir. 1999) (affirming dismissal of fraud claim for failure to show injury proximately caused), vacated for rehearing en banc, 188 F.3d 217 (3d Cir. 1999), on rehearing, 216 F.3d 1076 (3d Cir. 2000)(affirming dismissal). Therefore, the *absence* of any allegations of an actual injury proximately caused by Sherman's alleged conduct is fatal to ADS's and Intellesale's claim. Id. For example, in Lippmann v. Hydro-Space Technology, Inc., 235 F. Supp. 860 (D. N.J. 1964), the court dismissed on a Rule 12(b) motion a fraud complaint alleging fraudulent inducement of the purchase of stock by alleged misrepresentations, where "the process by which and the extent to which the plaintiff has suffered damage from the events alleged is not disclosed." Id., at 869. See also, Hewlett-

9

Packard, supra, 908 F. Supp. at 273-74 (dismissing fraud claim that failed to allege injury proximately caused by the alleged misrepresentations); Hurt, supra, 806 F. Supp. at 530 n.25 ("plaintiff must demonstrate that a specific statement *caused* a specific harm" [emphasis in original]).

As in Lippmann and Hewlett-Packard, so to here: the Third -Party Complaint fails to allege any actual injury, nor how such unalleged injury could have resulted from the misconduct alleged. Therefore, it fails to state a claim for fraud and should be dismissed.

Finally, ADS's and Intellesale's fraud claim must be dismissal because of its total failure to allege that Mr. Sherman intended to deceive them, which is an essential element of a fraud claim. E.g., Hankins, supra,189 F.3d at 372 (affirming dismissal of fraud claim for failure to show intent to deceive).[6]

### 2.  Count II Fails to State a Claim For Self-Dealing

The lack of any factual allegations of injury and proximate cause are also fatal to ADS's and Intellesale's Count II, which merely incorporates the prior vague and conclusory allegations in support of claims for "self-dealing" and "waste of corporate assets". However, there can be no "self-dealing" where there is no allegation that Mr. Sherman received any funds or other benefit unfairly at the expense of Intellesale. No benefit to him is alleged at all. And there can be no "waste", because the assets allegedly "wasted" are not identified,

---

[6] In the event ADS and Intellesale argue that New Jersey law should apply, New Jersey Law is materially the same on this point. E.g., Faces, Inc. v. Kennedy, 185 N.J. Super. 113, 124, 447 A.2d 592 (Law Div. 1982), aff'd on op. below, 185 N.J. Super. 77, 447 A.2d 572 (App. Div. 1982) (fraud complaint defective for failing to allege intent).

and because no actual loss to Intellesale is alleged.

## IV.     CONCLUSION

For all of the foregoing reasons, the Third-Party Complaint against Mr. Sherman should be dismissed with prejudice.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Dated:  August 6, 2002         By:_____
                                                  Paul R. Rosen, Esquire
                                                  David B. Picker, Esquire
                                          1635 Market Street - 7th Floor
                                          Philadelphia, PA  19103
                                          (215) 241-8888 / FAX:  (215) 241-8844
                                          Attorneys for Third-Party Defendant
                                          Marc Sherman

F:\27550\004\plead\DismissMotMemo.wpd