**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHERRI SHEER** : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | Docket No. **02-CV-02719** |
| : | |
| **APPLIED DIGITAL SOLUTIONS, INC.**, : | |
| f/k/a **APPLIED CELLULAR** : | |
| **TECHNOLOGY, INC.**, **INTELLESALE**, : | |
| **INC.**, f/k/a **UNIVERSAL COMMODITIES** : | |
| **CORPORATION**, *et al.* : | |
| : | |
| Defendants. : | |
| **APPLIED DIGITAL SOLUTIONS, INC.** : | |
| and **INTELLESALE, INC**. : | |
| : | |
| Third-Party Plaintiffs : | |
| v. : | |
| : | |
| **MARC SHERMAN**, : | |
| : | |
| Third-Party Defendant. : | |

**MEMORANDUM OF LAW OF THIRD-PARTY DEFENDANT MARC SHERMAN**
**IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT**

**I.    INTRODUCTION**

The Third-Party Plaintiffs' attempt to create claims through the hearsay certification of John Reap must fail for two simple reasons: **First**, attempts at such informal amendment of the pleadings are routinely rejected by the courts. See Chester Residents for Quality Living v. Seif, 944 F. Supp. 413, 416 (E.D. Pa. 1996), rev'd on other grounds, 132 F.3d 925 (3d Cir. 1997), vacated and dismissed, 119 S.Ct. 22 (1998). See also, City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to

dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

**Second**, and more important, even if the vague, conclusory assertions in Mr. Reap's certification are considered, they still do not constitute *facts* entitled to a presumption of truthfulness. Campbell v. San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); Constar, Inc. v. Nat'l Distrib. Ctrs., Inc., 101 F. Supp.2d 319 (E.D. Pa. 2000), *citing* Fleming v. Lind-Waldock Co., 922 F.2d 20, 23-24 (1st Cir. 1990). Mr. Reap's mere conclusions and opinions are not "facts" entitling Third-Party Plaintiffs to the relief they seek. E.g., Fleming, supra.[1]

This is particularly true here, moreover, where the plaintiff's conclusions conflict with the written contracts attached to the Complaint and which are an integral part of its allegations (Pittsburgh v. West Penn, *quoted supra*).

What the Complaint, Answer and agreements attached to the Complaint as exhibits make clear is that it was *Applied Digital* and its predecessor which purchased Cybertech

---

[1] In Fleming, the court explained that the "generous" approach to pleadings is

> "restricted by requiring that each general allegation be supported by a specific factual basis. The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations' or unsubstantiated conclusions. ...
>
> In addition, the necessary factual averments are required with respect to each material element of the underlying legal theory. ... *This burden, of course, rests squarely upon the pleader; initial failure to satisfy the burden in no way obligates the district court to allow the parties an opportunity to offer matters outside the pleadings.* Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." [Emphasis added; citations omitted]

922 F.2d at 23-24.

from Plaintiff Sheerr. Garrett Sullivan, president of Applied Digital, executed the purchase agreement. He then became Chairman of the Board of Cybertech. (See Employment Agreement, attached to Complaint, and attached hereto as Exhibit 1).

With its own president, Mr. Sullivan, thus acting as Chairman of the Board for Cybertech, and signing the Employment Agreement (Exh. 1) that kept Sherri Sheerr on as its president, Applied Digital cannot now complain of what its own president approved (for example, that Marc Sherman allegedly kept Sherri Sheerr on as president of Cybertech, or overvalued its inventory; rather, it was Garrett Sullivan of Applied Digital which did so).

In addition, Applied Digital and Intellesale still have not alleged any *facts* showing the essential element of *actual* injury *proximately* caused by Marc Sherman.

For this reason, and because Applied Digital and Intellesale *admit* that the purported Third-Party Complaint is *not* a proper pleading under Rule 14(a), the Third-Party Complaint should be dismissed.

II.  **LEGAL ARGUMENT**

    A.  **The Third-Party Complaint Must Be Dismissed Because It Is Not A Proper Third-Party Claim Under F.R.Civ.P. 14(a)**

Third-Party Plaintiffs concede that their claims do not constitute proper third-party claims under Rule 14(a). Their citation to Monarch Life Ins. Co. v. Donahue, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989), for the proposition that Rule 14(a) is to be "liberally construed" is inapposite, and does not help them. In Monarch Life, plaintiff insurance company sought a declaratory judgment that the insurance policy it had issued to defendants was invalid.

Defendants-insureds, in turn, brought a third-party action against the insurance broker, for damages suffered if the policy were held invalid. The court upheld the third-party complaint as a valid pleading under Rule 14(a) because it was predicated and contingent upon the success of the main claim.

That is not the case at Bar. To the contrary, Third-Party Plaintiffs have attempted but failed to allege a claim directly against Sherman that has nothing to do with the success or failure of Sheerr's main claims against them. Accordingly, the Third-Party Complaint must be dismissed as improper under Rule 14(a). E.g., Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 69 F. Supp.2d 678, 690 (M.D. Pa. 1999).

Third-Party Plaintiffs' argument that, nevertheless, "While the Third-Party Plaintiffs are *primarily* liable to Sheerr as the signatory of the agreement to acquire Cybertech, Sherman is *secondarily* liable by virtue of his involvement in the transaction" [emphasis added], is specious and falls of its own illogic. Sherman who has not been employed by Intellesale for at least the past fifteen (15) months (Cplt. ¶5) cannot have *any* liability, secondarily or otherwise, to Sheerr for Intellesale's and Applied Digital's subsequent decision to breach their contract with her.

    B.    <u>**The Third-Party Complaint Fails to State Any Cause of Action**</u>

Mr. Sherman's original Memorandum of Law explained why the Third-Party Complaint fails to state a claim. In particular, but without limitation, the vague and conclusory allegations do not allege any actual injury, nor that such unalleged injury was

proximately caused by anything Mr. Sherman did. The conclusory and hearsay certification of Mr. Reap, who was not even employed by Third-Party Plaintiffs nor present at the relevant times, does not cure these defects.

Although Third-Party Plaintiffs argue that their Third-Party Complaint should not be dismissed, even under the strict pleading requirements of Federal Rule 9(b), without the opportunity to take discovery, that is not the case. Fundamentally, Third-Party Plaintiffs have not and cannot identify what discovery they might need that is not already available to them. Intellesale owns and controls Cybertech, and Applied Digital owns and controls Intellesale. (3d-Party Cplt. ¶¶ 6, 9) Garrett Sullivan, president of Applied Digital, was Chairman of the Board of Cybertech (e.g., Exh. 1 hereto). Neither Marc Sherman nor Sherri Sheerr are currently employed by either Applied Digital, Intellesale, or Cybertech. All corporate minutes and financial records are in the custody and control of Applied Digital (e.g., Reap Certification, purporting to rely on those records).

Accordingly, all facts are entirely available to the Third-Party Plaintiffs. The only reason why sufficient facts have not been alleged is because they do not exist. Under such circumstances, the mere "incantation" of a need to take unspecified discovery cannot defeat dismissal. Cf. Dixon v. Bowen, 126 F.R.D. 483, 486 (S.D.N.Y. 1989) (granting summary judgment). See also, Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975), cert. denied, 424 U.S. 915 (1976) (granting summary judgment of dismissal where plaintiff did not identify any necessary facts "within the defendant's exclusive control").

**III.    CONCLUSION**

For the foregoing reasons and those stated in Mr. Sherman's Moving Memorandum, the Third-Party Complaint against Mr. Sherman should be dismissed with prejudice.

                                            Respectfully submitted,

                                            **SPECTOR GADON & ROSEN, P.C.**

Dated: September 23, 2002              By:   s/ David Picker
                                                        Paul R. Rosen, Esquire
                                                        David B. Picker, Esquire
                                            1635 Market Street - 7th Floor
                                            Philadelphia, PA  19103
                                            (215) 241-8888 / FAX:  (215) 241-8844
                                            Attorneys for Third-Party Defendant
                                            Marc Sherman

F:\27550\004\plead\DismissReply.mem.wpd

## CERTIFICATE OF SERVICE

David B. Picker hereby certifies that I am not a party to this action, that I am over the age of 18 years, and that on this **23rd** day of **September**, **2002**, I caused a true and correct copy of the foregoing Reply Memorandum In Support of Motion to Dismiss Third-Party Complaint upon Plaintiff's and the Defendants' and Third-Party Plaintiffs' counsel, by postage-prepaid First Class United States Mail, as follows:

Richard Kwasny, Esquire
Kwasny Reilly & Michael, P.C.
53 S. Main Street
Yardley, PA 19067
(Attorney for Plaintiff)

Rona Zucker Kaplan, Esquire
Cooper Perskie April Niedelman Wagenheim & Levenson
1125 Atlantic Avenue, 3rd Floor
P.O. Box 1125
Atlantic City, NJ 08404-1125
(Attorney for Defendant and Third-Party Plaintiff)

Dated: September 23, 2002

                                                 s/ David Picker

                                                 David B. Picker